UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAYLA SANDERS                                                                              PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:11CV-609-S

FRAUENSHUH HOSPITALITY GROUP OF KY/IN, LLC                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Frauenshuh Hospitality Group of KY/IN, LLC ("FHG" or "the company"), to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), and motion of the plaintiff, Kayla Sanders, for leave to file a second amended complaint.

In this action, Sanders alleges that FHG, a company which acquired the restaurant where she worked, violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344, by interfering with her exercise of her FMLA rights, by retaliating against her for exercising those rights, and by discriminating against her based on her pregnancy.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

In the proposed Second Amended Complaint, Sanders alleges that she was hired by Dairy Queen Corporate Stores ("DQCS") in May, 2006 and worked full-time as a Shift Manager. Sanders claims that in 2011 she requested and was approved for FMLA leave beginning March 8, 2011 for the birth and care of her newborn child. She had an expected delivery date of April 5, 2011.

On March 28, 2011, the Dairy Queen restaurant where Sanders worked was acquired by FHG. FHG purportedly maintained substantially the same operations of the restaurant. Sanders claims that the restaurant remained under the same management, and that the jobs, working conditions, and employees remained substantially the same. Thus Sanders claims that FHG was responsible for her reemployment at the end of her FMLA leave as the "successor in interest" to DQCS, as that term is contemplated by 29 U.S.C. § 2611.

Sanders contends that she contacted the company between March 28, 2011 and May, 2011 concerning her return to work, but that her calls were not returned. She alleges that the company refused to reinstate her to her position or to an equivalent position in May 2011 and allegedly indicated in the company database that she was "not rehireable."

FHG urges the court to deny Sanders leave to file the proposed Second Amended Complaint on the ground that the amendment would be futile. It contends that the Amended Complaint fails to state a viable claim for interference or retaliation under the FMLA or for pregnancy discrimination, and that the proposed additional amendments do not resolve the deficiencies.

- 2 -

FHG argues that Sanders' claim for interference with her FMLA rights is untenable because she has not alleged that she was eligible for FMLA leave on March 8, 2011, almost one month prior to her expected delivery date.  FHG contends that in order to find her eligible for FMLA leave on March 8th, she must allege a serious medical condition which would qualify her for leave on a date prior to the birth of her child.  FHG contends that the allegations do not contain the requisite specificity to state such a claim, and the claim would therefore be subject to dismissal.

Sanders alleges in the proposed Second Amended Complaint that she "*properly requested and was approved by DQCS for leave under the FMLA*...Sanders' leave was expected to commence on or about March 8, 2011.  She had an expected delivery date of April 5, 2011."  DN 15-2, ¶ 9.  Thus she has alleged facts from which the court could reasonably infer that she presented DQCS with a sufficient basis upon which it approved her for early leave under the FMLA.

FHG contends that even if the court should find that Sanders has plausibly alleged eligibility under the FMLA, she has failed to sufficiently allege interference or retaliation.  FHG contends that Sanders was terminated pursuant to an Asset Purchase Agreement, and thus was terminated for reasons unrelated to FMLA leave.  However, this is in the nature of a summary judgment argument.  There is no evidence of record concerning an Asset Purchase Agreement.  In any event, the consideration of a matter outside the pleadings would convert FHG's motion to dismiss to one for summary judgment under Fed.R.Civ.P. 56.  Sanders has merely sought leave to amend her complaint, and has not had the opportunity to meet such contentions.  At this juncture we are concerned only with the sufficiency of the allegations of the proposed Second Amended Complaint.

The proposed Second Amended Complaint alleges that at the end of her FMLA leave, the company refused to reinstate her employment and designated her as "not rehireable."  We find that

the proposed Second Amended Complaint states a plausible claim for interference and retaliation under the FMLA on these facts. These are fairly straightforward factual allegations which provide sufficient notice of the claims for which Sanders seeks relief. "We find it inaccurate to read [*Iqbal* and *Twombly*] so narrowly as to be the death of notice pleading and we recognize the continuing viability of the "short and plain" language of Fed.R.Civ.P. 8." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608 (6th Cir. 2012).

The court also finds that Sanders has stated a plausible claim for discrimination on the basis of pregnancy. She has alleged that upon acquiring the restaurant from her employer, FHG continued to operate the restaurant as a Dairy Queen and retained substantially the same workforce who operated under the same supervisors. DQCS allegedly approved Sanders' request for FMLA leave, and purported successor in interest FHG allegedly refused to reemploy her at the end of her FMLA leave and designated her as "not rehireable" in the company database. We find that these allegations are sufficient to give "fair notice" of the basis of Sanders' claim for pregnancy discrimination. KRS 344.040(1) *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000)(material elements for pregnancy discrimination are (1) plaintiff pregnant, (2) plaintiff qualified for her job, (3) plaintiff subjected to adverse employment decision, (4) nexus between pregnancy and adverse employment decision). *See, Keys v. Humana, Inc.,* No. 11-5472 (6th Cir. July 2, 2012)(*McDonnell Douglas* prima facie case *is not* a pleading requirement and "the ordinary rules for assessing the sufficiency of the complaint apply," *quoting Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009); *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)).

For the foregoing reasons, the court concludes that Sanders has adequately pled a plausible claim for interference and retaliation under the FMLA and for pregnancy discrimination under KRS

- 4 -

344.040(1).  Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Kayla Sanders, for leave to file a Second Amended Complaint (DN 15) is **GRANTED** and the Second Amended Complaint is ordered **FILED OF RECORD.**

 **IT IS FURTHER ORDERED** that the motion of the defendant, Frauenshuh Hospitality Group of KY/IN, LLC, to dismiss (DN 12) is **DENIED**.

**IT IS SO ORDERED.**

July 25, 2012

       **Charles R. Simpson III, Judge**
       **United States District Court**